UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00715-MOC

| | |
|---|---|
| **Cedric Lamont Dean,** )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>**USA** )<br>)<br>Respondent. ) | ORDER |

**THIS MATTER** is before the court on petitioner's *pro se* Motion for Clarification on Whether Sentence is to Run Concurrent and petitioner's counsel's Motion to Reconsider Sentence. Both motions were filed in the criminal action rather than this Section 2255 proceeding.

Previously, petitioner filed a letter which, after receiving a <u>Castro</u> notice, petitioner asked the court to consider as his Section 2255 motion. The court construed such letter as a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and that petitioner had asserted the following claim:

> I. Petitioner received ineffective assistance of counsel at resentencing when counsel failed to raise the issue of running petitioner's federal sentence concurrent with the earlier imposed state sentence.

40-Day Order (#3).[1] After entry of that Order and the opening of this action, counsel for petitioner filed the instant Motion to Reconsider in the criminal action, <u>United States v. Dean</u>, 3:95cr31-3 (#384). In pertinent part, counsel states that the "court read his letter as a potential 2255 petition; however, what he is requesting is a reconsideration of the imposed sentence that

---

[1] Petitioner was resentenced based on the pleadings. No resentencing hearing was conducted.

1

gives him the sentencing credit he deserves." Motion (#384) at 4. In conclusion, counsel argues that "[s]ince this court recently sentenced him to 324 months, his sentence should be reconsidered and credited." Id at 6. Counsel does not cite the court to any provision of the Federal Rules of Criminal Procedure or any statute upon which petitioner bases his Motion for Reconsideration.

Although Rule 12 of the Rules Governing Section 2255 Proceedings makes the Federal Rules of Criminal and Civil Procedure applicable to Section 2255 proceedings, such rule provides the caveat that such rules are applicable only where they are not inconsistent with the Rules Governing Section 2255 Proceedings or statutory provisions. Rule 12, Fed.R.G.§ 2255 P.

Reading counsel's motion in a light most favorable to petitioner, petition may be seeking reconsideration under Federal Rule of Civil Procedure 60(b). A criminal defendant may not, however, challenge his criminal judgment using the Federal Rules of Civil Procedure. United States v. Grapes, 2011 WL 195672, at *1 (4th Cir. Jan. 21, 2011) (unpublished) ("The Federal Rules of Civil Procedure do not provide a vehicle by which [Defendant] may challenge his criminal judgment.") (citing United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir.1999)); United States v. Leake, 96 F. App'x 873, 873 (4th Cir.2004) ("[Defendant] cannot challenge an order in his criminal case using the Federal Rules of Civil Procedure...."). Thus, Section 2255 appears to provide petitioner with the only possible avenue for relief:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or **correct the sentence**.

28 U.S.C. §2255(a) (emphasis added). As the court read the original motion, petitioner appears to contend that his counsel was ineffective when she failed to raise in the resentencing proceedings whether such sentence should be run concurrent to a previously imposed state sentence which was allegedly based on the same or some of the same conduct that was being punished in the federal criminal action.

For the purpose of simplicity, the court will direct that petitioner's motions (#383 and #384) be filed in this Section 2255 action. The government will be directed to respond to those motions in conjunction with its response to the petition. Counsel for petitioner may wish to discuss with counsel for respondent the possibility of resentencing by consent if in fact an error was made.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Clerk of Court is directed to re-file petitioner's pro se Motion for Clarification on Whether Sentence is to Run Concurrent (#383 filed in 3:95cr31-3) and petitioner's Motion to Reconsider Sentence (#384 filed in 3:95cr31-3) in this civil action. After re-filing those motions in this case, the Clerk shall terminate the motions filed in the criminal action. The deadline for responding to such motion is reset to be co-terminus with the respondent's time to Answer or otherwise respond to the petition.

Signed: 1/29/2014

Max O. Cogburn Jr.
United States District Judge